25 C.C.P.A.(Patents)

## WATTS v. PRAEGER.

## PRAEGER v. WATTS.

### Patent Appeals Nos. 3842, 3843.

Court of Customs and Patent Appeals.
April 25, 1938.

Edward B. Beale, of Washington, D. C. (Bruce K. Brown, of Wenona, Ill., and Theodore A. Hostetler, of Washington, D. C., of counsel), for Watts.

Cornelius D. Ehret and Virgil E. Woodcock, both of Philadelphia, Pa. (Samuel E. Darby, Jr., of New York City, of counsel), for Praeger.

PER CURIAM.

The party Watts has filed petition for rehearing seeking reconsideration of our decision rendered in the above cases on January 24, 1938. 93 F.2d 904, 908, 25 C. C.P.A., Patents, ——.

The petition has been given thorough and respectful consideration.

This statement is written because of an allegation made in the petition to the effect that the court overlooked an affidavit of one Frank K. Ovitz.

In our decision it was said:

"So far as the record discloses, no furnace has ever been constructed in conformity with the counts. There is a statement in the brief for Watts that a structure was produced in 1928 conforming to his claims, but this is a matter dehors the record and no consideration can be given it by us."

The petition alleges that in so stating, the court "Overlooked the fact that the Ovitz affidavit was of record in the Watts application prior to the declaration of Interference 65,623; that the affidavit categorically refers to tests made upon the pipe still invented by George W. Watts as described in application No. 251,309, filed February 2, 1928; that the affidavit embraces tests made upon said pipe still in September and October 1928; that the affidavit discloses that gas was used for fuel in two of the three tests and gas and oil used for fuel in the other test; that the affidavit discloses the rate of heat transfer on various tubes including the hearth tubes as being uniform and within the limits illustrated by Praeger, who said in his specification, 'For example the heat input of the floor tubes or equivalent may be at least as high as 20,000 B. t. u.'s per square foot of surface. The rate of transfer of heat is not diminished but on the contrary high rate of heat transfer is sought,' and that the affidavit discloses the absence of excessive coking in the hearth tubes which establishes the absence of flame impingement thereon."

The pertinent comment respecting this matter in the original brief on behalf of Watts was:

"The assignee for the party Watts has had in continuous commercial operation in at least one of its refineries since 1928 a pipe still built in accordance with the counts of this interference and of the disclosure of the Watts application. This commercial installation by Watts's assignee far antedates Praeger's conception of the invention in issue. This fact is brought to the attention of this Honorable Court to emphasize that the Watts invention is not a pencil and paper invention and that the invention in controversy is one which has been successfully and commercially demonstrated by both parties to this interference. Unfortunately for the party Praeger the party Watts was first in the field, as to conception, reduction to practice, and commercial utilization of the invention in issue.

"Since this interference is before your Honors on a record judgment there is no evidence of these facts on behalf of either party by way of deposition such as would be available had testimony been taken by either or both parties. There is, however, in the Watts application an affidavit of Frank K. Ovitz filed December 7, 1931, long before the institution of these interference proceedings. * * * This affidavit, which refers to heat transfer tests conducted 'on the pipe stills described in the above application' during September and October, 1928, is at least as good evidence as to the existence of the commer-

cial installation by Watts' assignee during that year as statements made by counsel for Praeger as to the magnitude of the business of Praeger's assignee."

In our decision no comment was made by us upon the claims in the brief on behalf of Praeger respecting "the magnitude of the business of Praeger's assignee," nor was our conclusion influenced by those claims, and, in view of the comment in the Watts brief immediately above quoted, it was not deemed necessary to refer to the Ovitz affidavit, even assuming it to be a proper part of the interference record.

The affidavit has now been re-examined in the light of the contention made respecting it in the petition for rehearing, and we find nothing therein which should lead to any conclusion different from that originally reached.

The other matters in the petition are restatements, in an argumentative way, of matters presented originally.

The petition for rehearing is denied.